United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br><br>Arthur Friedman,<br><br>            Debtor.<br><br>Vladimir Frankfurt,<br><br>            Plaintiff<br><br>  v.<br><br>Arthur Friedman,<br><br>            Defendant. | Bankruptcy No. 12-bk-40168<br><br>Chapter 7<br><br>Adversary No. 14-ap-366 |

### MEMORANDUM OPINION ON FRANKFURT'S MOTION FOR SUMMARY JUDGMENT

This Adversary Proceeding relates to the bankruptcy case filed by debtor-defendant Vladimir Frankfurt ("Frankfurt") under Chapter 7 of the Bankruptcy Code. Creditor-plaintiff Vladimir Frankfurt filed his Complaint (Dkt. 1) *pro se* on June 6, 2014 seeking judgment that a debt due from Debtor to him be held nondischargeable under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), (a)(6) and (a)(19). Volunteer counsel was requested, and Devon Eggert and Elizabeth L. Janczak volunteered to represent Frankfurt. Once counsel appeared, Frankfurt filed his motion for summary judgment on Count I based on the asserted collateral estoppel effect of an Illinois Secretary of State order. Friedman argues that the Secretary of State's order is void as it was entered in violation of the automatic stay. For the following reasons, summary judgment will be granted in favor of Frankfurt on Count I.

### UNCONTESTED FACTS

In the Bankruptcy Court for the Northern District of Illinois, a motion for summary judgment must be accompanied by a statement uncontested of material facts setting forth the material facts in numbered paragraphs. Local Rule 7056-1(A). In response, the party opposing summary judgment must file its own statement, responding specifically to each numbered paragraph. Local Rule 7056-2(A)(1)(a). "All material facts set forth in the statement required by the moving party will be deemed to be admitted unless controverted by the statement of the moving party." Local Rule 7056-2(B). The Seventh Circuit has

repeatedly upheld strict application of the District Court's local rule on summary judgment, which requires the same statement, counterstatement, and consequences for default. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009) (collecting cases). In this case, Frankfurt filed his statement as required by Local Rule 7056-1 (Dkt. 46), but Friedman did not file his. Moreover, it appears from Friedman's response that he is only interested in contesting legal issues, not the facts or events asserted by Frankfurt. Accordingly, the facts set forth in Frankfurt's statement are deemed admitted.

1. Prestige Leasing, Inc. ("Prestige") was an Illinois corporation that maintained a business address at 88 Dundee Road in Buffalo Grove, Illinois. (Statement ¶ 15.)

2. Friedman was an owner and officer of Prestige. (Statement ¶ 16.)

3. In May of 2007, Frankfurt lent Prestige, Friedman, and Leon Bilis ("Bilis," collectively the "Borrowers")), another owner and officer of Prestige, $100,000 at 12% interest as documented by a promissory note (the "Note"). (Statement ¶¶ 17-22).

4. In May of 2008, Frankfurt and the Borrowers agreed to extend the term of the Note to May 31, 2009.

5. In June of 2009, when the note had not been paid when it became due, Frankfurt learned through discussions with Friedman that the Note was not registered in accordance with Section 5 of the Illinois Securities Law of 1953, codified as 815 ILCS 5. (the "Act). (Statement ¶ 29.)

6. In June 2009, Frankfurt issued a notice of demand and demand for payment to the Borrowers. (Statement ¶ 32.)

7. In July, 2009, Frankfurt issued a notice of demand for rescission (the "Demand for Recision") via certified mail to Friedman and Bilis, stating their offer for sale of the Note was in violation of the Act and requesting that Friedman and Bilis repurchase the Note for cash, plus applicable interest. (Statement ¶ 33.)

8. The Illinois Secretary of State, Department of Securities ("Securities Department") commenced an investigation with respect to the Note known as file number 1300023. (Statement ¶ 34.)

9. On October 10, 2012, Frankfurt filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. (Statement ¶ 6.)

10. The bankruptcy court extended the deadline to object to dischargeability of Frankfurt's debt on several occasions in light of the pending investigation of the Securities Department. (Statement ¶ 7.)

11. On April 11, 2013, the Illinois Secretary of State issued a Notice of Hearing to the Borrowers and Boris Weiserman (collectively, the "Respondents") alleging that the Respondents violated the Act by selling an unregistered security and engaged in fraudulent practices with respect to the Note. (Statement ¶ 35.)

12. Friedman received a copy of the Notice of Hearing prior to the hearing. (Statement ¶ 36.)

13. Friedman filed an answer to the Notice of Hearing in November 1, 2013. (Statement ¶ 37.)

14. Friedman's counsel appeared at the hearing held December 10, 2013 before James L. Kopecky, hearing officer for the Securities Department. (Statement ¶ 38.)

15. At the hearing, Friedman's counsel withdrew Friedman's answer to the Notice of Hearing, withdrew his appearance, and refused to participate in the hearing. (Statement ¶ 39.)

16. Frankfurt testified before hearing officer James Kopecky at the hearing regarding the investigation into Prestige, Friedman, and Bilis with respect to the offer and sale of the Note. (Statement ¶ 40.)

17. James Kopecky issued a Hearing Officer Report and Recommendation dated January 29, 2014, (the "Hearing Officer Report") which contained proposed findings of fact and conclusions of law. (Statement ¶ 41.)

18. Friedman received a copy of the Hearing Officer Report. (Statement ¶ 42.)

19. On February 13, 2014, the Illinois Secretary of State issued an Order of Prohibition and Fine (the "Prohibition Order") which adopted James Kopecky's proposed findings of fact and conclusions of law. (Statement ¶ 43.)

20. The Prohibition Order found that Friedman violated Sections 12.A, 12.D, 12.F, and 12.G of the Act. (Statement ¶ 44.)

21. The Prohibition Order found that Friedman:
    a. Sold the Note to Frankfurt in violation of the Act.
    b. Failed to file with the Illinois Secretary of State an application for registration of the Note as required by the Act
    c. Engaged in a practice in connection with the sale of the Note that worked a fraud or deceit upon Frankfurt, and
    d. Obtained money through the sale of the Note to Frankfurt by means of an untrue statement of material fact or omission. (Statement ¶ 45.)

22. The Prohibition Order stated that any action for judicial review of the order must be taken within 35 days of the date of the order. (Statement ¶ 46.)

23. Although Friedman received a copy of the Prohibition Order prior to the deadline to appeal, Frankfurt did not seek judicial review. (Statement ¶ 47.)

## DISCUSSION

### JURISDICTION AND VENUE

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer bankruptcy proceedings to a bankruptcy judge under 28 U.S.C. § 157, and this proceeding is thereby referred here by District Court Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (I), and (O). It seeks to determine the dischargeability of a debt. Therefore, it "stems from the bankruptcy itself," and may constitutionally be decided by a bankruptcy judge. *Stern v. Marshall*, 131 S.Ct. 2594, 2618 (2011).

### SUMMARY JUDGMENT STANDARD

A motion for summary judgment may be brought by a party at any time. Fed. R. Civ. P. 56(b), as incorporated by F.R. Bankr. P. 7056; *Brill v. Lante Corp.*, 119 F.3d 1266, 1275 (7th Cir. 1997). Summary judgment is appropriate if the "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). In ruling on a motion for summary judgment, the courts must evaluate admissible evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## POLICE POWERS EXCEPTION TO THE AUTOMATIC STAY

Friedman argues in his response that the Illinois Secretary of State's Order was void as a violation of the automatic stay. If the Order is void, then there is no collateral estoppel effect. Accordingly, that argument will be taken up first.

Section 362(a) of the Bankruptcy Code provides that the commencement of a bankruptcy case,

> operates as a stay, applicable to all entities, of—
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title,
>
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title,
>
> ...
>
> (6) any act to collect, assess or recover a claim against the debtor that arose before the commencement of the case under this title.

Actions taken in violation of the automatic stay are "invalid." *In re Karchek*, 508 B.R. 386, 398 (Bankr. N.D. Ill. 2014) (Barnes, J.). That is, "actions taken in violation of the stay have no legal effect unless and until a creditor seeks retroactive relief from the bankruptcy court pursuant to Code § 362(d) to validate the otherwise invalid act." *In re Richardson*, 497 B.R. 546, 555 (Bankr. S.D. Ind. 2013) (distinguishing invalid from "void," which would mean that nothing could give the act legal effect, or "voidable," which would require action by the debtor to declare the act void.).

The automatic stay is subject to exceptions. Section 362(b) provides that the commencement of bankruptcy case,

> does not operate as a stay—
>
> (4) under paragraph (1), (2), (3), or (6) of subsection (a) of this section, of the commencement or continuation of an action or proceeding by a governmental unit ... to enforce such governmental unit's ... police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's ... police or regulatory power.

As the legislative history explains, "where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay." *S.E.C. v. Brennan*, 230 F.3d 65, 71 (2d Cir. 2000) (quoting H.R.Rep. No. 95-595, at 343, U.S. Code Cong. & Admin. News at 6299; *accord* s.Rep. No. 95-989, at 52, U.S. Code Cong. & Admin. News at 5838.). "[T]he purpose of this exception is to prevent a debtor from 'frustrating necessary governmental functions by seeking refuge in bankruptcy court.'" *Id.* (citing *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1024 (2d Cir. 1991).

The administrative proceeding held before the Securities Department fits squarely within the Section 362(b)(4) exception to the automatic stay. "It is well established that the governmental unit exception of § 362(b)(4) permits the *entry* of a money judgment against a debtor so long as the proceeding in which such a judgment is entered is one to enforce the governmental unit's police or regulatory power." *Id.* By the terms of the Notice of Hearing, the hearing before Hearing Officer Kopecky was to consider the imposition of a permanent order of prohibition, censure, or a monetary fine. (Dkt. 46, Exh. G. at 1.) In addition to charging the sale of unregistered securities, the Notice of Hearing charged fraudulent practices on the part of the Respondents. (*Id.* at 4-5.)

Accordingly, the proceeding before the Securities Department was not stayed as a result of the automatic stay.

## SECTION 523(a)(19)

Section 523(a)(19) provides that a discharge does not apply to any debt that—

(A) is for—

> (i) the violation of ... any of the State securities laws, or any regulation or order issued under such ... State securities laws; or
>
> (ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and

(B) results before, on, or after the date on which the petition was filed from—

> (i) any judgment, order, consent order, or decree entered in any ... State judicial or administrative proceeding.

Collateral estoppel, also known as issue preclusion, applies in bankruptcy discharge exception proceedings. *Meyer v. Rigdon*, 36 F.3d 1375, 1378-79 (7th Cir. 1994). Normally, collateral estoppel applies when:

(1) the issue sought to be precluded must be the same as that involved in the prior litigation,

(2) the issue must have been actually litigated,

(3) the determination of the issue must have been essential to the final judgment, and

(4) the party against whom estoppel is invoked must be fully represented in the prior action.

*Id.* at 1379.

Normally, collateral estoppel does not apply to default judgments because a default judgment has not been actually litigated. However, Section 523(a)(19) alters the normal collateral estoppel rules. It provides that preclusion applies when "*any* judgment, order, consent order, or decree entered in any ... State judicial or administrative proceeding." § 523(a)(19)(B)(i) (emphasis supplied). Nearly identical language in Section 523(a)(11) was held to trump the usual collateral estoppel doctrine. *Meyer*, 36 F.3d at 1380. Accordingly, preclusive effect must now be given to default judgments before administrative tribunals subject to § 523(a)(19). *Id.*

The Prohibition Order issued by the Secretary of State states by its own terms that "This is a final order." (Statement Exh. G p. 8.) It conclusively found that Friedman violated

Sections 12.A, 12.D, 12.F and 12.G of the Act in connection with the offer and sale of the Note to Frankfurt. The Order of Prohibition found that the sale of the Note to Frankfurt was a "transaction ... which work[s] or tends to work a fraud or deceit upon the purchaser." *Id.*

Even though the Prohibition Order by its terms did not award damages to Frankfurt, it did find that Friedman's conduct in the sale of the Note to Frankfurt constituted fraud. Thus, while the debt due to Frankfurt on the Note is not for a debt that is "for" the violation of a securities law under § 523(a)(19)(A)(i), it is a debt for "common law fraud, deceit, or manipulation in connection with the purchase or sale of any security." § 523(a)(19)(A)(ii). It did result in a final order entered by a state administrative tribunal. Thus, § 523(a)(19) is satisfied, and Friedman's debt to Frankfurt as a result of the sale of the Note is nondischargeable.

### NO DAMAGES ARE AWARDED HERE

Friedman also argues in his response that Frankfurt is asking for damages in an amount unsupported by an affidavit. In his affidavit, Frankfurt declared that as of May 31, 2009, Friedman owed him $100,000 (Statement, Exh. A ¶ 17.) The Statement calculated interest due as of March 10, 2015.

At any event, no dollar damages award was requested. Frankfurt only seeks in Count I of his Complaint a declaration of nondischargeability. Nor does the motion for summary judgment on Count I seek an award of damages. Even if a dollar judgment for damages were requested, it is not entirely clear that jurisdiction exists to enter such judgment under 28 U.S.C. § 1334. A proceeding seeking the dischargeability of a debt under 11 U.S.C. § 523 is one "arising under title 11." 28 U.S.C. § 1334(a). A proceeding to enforce a contract by an award of damages does not arise under the Bankruptcy Code. Nor would a proceeding seeking damages be "related to a case under title 11." *Id.* A proceeding is only "related to" if "it affects the amount of property available for distribution or the allocation of property among creditors." *Matter of Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir. 1987). Therefore, the Judgment will declare the debt nondischargeable, and any interest can be finally calculated if and when Frankfurt seeks an award of damages before a court of competent jurisdiction.

## CONCLUSION

For the foregoing reasons, the summary judgment will be granted in favor of Frankfurt by separate order.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 1st day of June, 2015